IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

RANDALL WAYNE MCNULTY,

                    Plaintiff,                                        ORDER

            v.                                                13-cv-732-wmc

WISCONSIN DEPARTMENT
OF PUBLIC SAFETY,

                    Defendant.

Plaintiff Randall Wayne McNulty (TDCJ #1345297, former TDCJ #1115245) has filed a complaint alleging that the Wisconsin Department of Public Safety has failed or refused to provide him with an accident report in violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and state law governing open records.  He requests leave to proceed *in forma pauperis* and he has filed a "motion for appointment of counsel."

After considering the pleadings, the motions and the supporting documentation provided by plaintiff, the court ORDERS as follows:

1. Because plaintiff's certified inmate trust fund account statement reflects that he is unable to pre-pay the filing fee for a civil action, *see* 28 U.S.C. § 1914(a), his motion for leave to proceed *in forma pauperis* (dkt. # 2) is GRANTED.

2. Pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1), plaintiff shall pay an initial partial filing fee of $20.00.  The agency having custody of the plaintiff shall collect this amount from the plaintiff's inmate trust fund account or

institutional equivalent, when funds are available, and forward it to the Clerk of Court for the Western District of Wisconsin.

3. Thereafter, plaintiff shall pay $330.00, the balance of the filing fee, in periodic installments as required by 28 U.S.C. § 1915(b)(2).  The agency shall collect this amount from the plaintiff's trust account, when funds are available, and forward it to the Clerk.  The court will notify the warden or other appropriate prison official of this obligation after an initial partial fee payment has been received.

4. Plaintiff is responsible for signing all consents and other documents required by the agency having custody of plaintiff to authorize the necessary withdrawal from plaintiff's inmate trust account.  Failure to pay the initial partial filing fee or to show that plaintiff has insufficient assets or means by which to pay the initial partial filing fee within 30 days may result in a dismissal of plaintiff's complaint without further notice.

5. Authorization for service of process will be withheld pending judicial screening pursuant to 28 U.S.C. § 1915A.  The court will issue a separate order indicating that the screening process is completed.  The more claims and defendants in a complaint, the longer screening will take.  Discovery is also stayed until after an answer is received from the defendant(s) and the court has held a pretrial conference.

6. No amendments or supplements to the complaint will be filed without prior court approval.  A complete amended complaint will be attached to any motion to

2

amend. Any pleadings or other papers filed in violation of these directives, including any pleadings or other papers which contain any new claims or any new factual allegations not already explicitly raised in: (1) the original complaint, (2) any court-approved amendments or supplements to the original complaint, or (3) a response to an order for more definite statement under Fed. R. Civ. P. 12(e), may be terminated or stricken from the record without further notice and will be of no force or effect in this lawsuit.  Any pleadings or other papers filed in violation of these directives in this paragraph may also subject plaintiff to other sanctions, including the dismissal of this suit for failure to comply with court orders, if appropriate.

7.  Plaintiff has filed a "motion for appointment of counsel" in this case.  Unlike criminal defendants, civil litigants have no constitutional or statutory right to the appointment of counsel.  *See, e.g., Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). The most a court can do is determine whether to recruit counsel *pro bono* to assist an eligible plaintiff who proceeds under the federal *in forma pauperis* statute.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that, at most, the federal IFP statute confers discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*").  In other words, a reviewing court only has discretion to recruit a volunteer.  *Ray*, 706

3

F.3d at 867.   The court will not consider motions for counsel until after it has completed its screening pursuant to 28 U.S.C. § 1915A.  Plaintiff's motion for appointment of counsel (dkt. # 3) is DENIED at this time as premature.  Plaintiff may re-file his request for counsel if (1) he has satisfied the threshold requirement for court assistance in recruiting counsel by showing that he has made reasonable efforts to find a lawyer by providing the names and addresses of at least three lawyers that he has asked to represent him in this case and who turned him down, *Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992), and (2) he demonstrates that exceptional circumstances exist that would benefit from the assistance of trained legal counsel. *See Santiago v. Walls*, 599 F.3d 749, 763-64 (7th Cir. 2010); *Pruitt*, 503 F.3d at 655-56.

8.  Plaintiff must notify the court of any change of address by filing a written notice of change of address with the Clerk of Court.  Failure to file such notice may result in this case being dismissed for want of prosecution.

9.  Although plaintiff has been granted permission to proceed *in forma pauperis*, he must pay the full filing fee when funds are available under 28 U.S.C. § 1915(b)(2).  If plaintiff does not wish to pay the full filing fee, he must notify the court in writing, by letter or with a "motion for voluntary dismissal," advising that he does not wish to prosecute this civil action pursuant to Fed. R. Civ. P. 41(a).  **To avoid having fees deducted from his trust account, plaintiff must**

**file this notice with the Clerk of Court within 30 days of the date of this order**.

10. Because the court is required to screen every complaint filed by a prisoner, payment of all or any part of the full filing fee will not prevent dismissal of the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. If the case is dismissed on any of those grounds before payment of the entire filing fee, the plaintiff must still pay the entire filing fee. When a prisoner has had three or more prior actions or appeals dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted, federal law prohibits the prisoner from bringing any more actions or appeals *in forma pauperis* unless the plaintiff is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

11. The Clerk will send a copy of this order to plaintiff and will also provide a copy of this order to (1) the Texas Department of Criminal Justice - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711; and (2) the TDCJ Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629.

Entered this 29th day of October, 2013.

BY THE COURT:

/s/

_____
WILLIAM M CONLEY
District Judge

5